**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AUGUSTO RAFAEL AREAS GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-2099-D |
| | ) | |
| FRED FIGUEROA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Augusto Rafael Areas Gonzalez filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Nicaragua who entered the United States on December 10, 2022. Petitioner was re-detained by local authorities on July 3, 2026, and transferred to the custody of the U.S. Immigration and Customs Enforcement (ICE) on July 6, 2026. His removal proceedings are ongoing. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma.[1]

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his

[1] Petitioner also filed an "Emergency Motion to Preserve the Court's Habeas Jurisdiction and to Prevent Transfer or Removal Pending Resolution of Petition for Writ of Habeas Corpus." [Doc. No. 2]. Judge Maxfield recommends the Court deny the motion because "[t]he decision regarding where to detain non-citizens awaiting removal proceedings is a discretionary power of the Secretary of DHS." [Doc. No. 12 n.3 (citing 8 U.S.C. § 1252(a)(2)(B)(ii))]. The Court agrees. Thus, Petitioner's motion is **DENIED**.

re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On September 16, 2026, Judge Maxfield issued a Report and Recommendation [Doc. No. 12], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to Report and Recommendation. [Doc. No. 13].

Although Respondents respectfully disagree with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), they concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 12] is **ADOPTED** in its entirety. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** in part as set forth herein. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[2] A separate judgment shall be entered.

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS FURTHER ORDERED** that Petitioner's "Emergency Motion to Preserve the Court's Habeas Jurisdiction and to Prevent Transfer or Removal Pending Resolution of Petition for Writ of Habeas Corpus" [Doc. No. 2] is **DENIED**.

**IT IS SO ORDERED** this 30th day of September, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE